IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM LYNNDON SIKORSKI,**

              Plaintiff,

     vs.

              CIVIL ACTION
              No. 11-3152-SAC

**(FNU)(LNU), ADMINISTRATOR,
CHASE COUNTY JAIL, et al.,**

              Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner confined at the Wyandotte County Detention Center, Kansas City, Kansas.

Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. This motion is governed by 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the limited records available, the court finds the average monthly deposit to plaintiff's account is

$14.56, and the average monthly balance is $1.59. However, the court takes note that the financial statement supplied by plaintiff reflects a negative balance of approximately $30.00 in late August 2011. Having considered this, the court will grant provisional leave to proceed in forma pauperis.[1]

*Screening*

The Court must conduct a preliminary screening of a civil complaint brought by a prisoner against a governmental entity or an officer or employee of such an entity. 28 U.S.C. § 1915A(a). Likewise, the court must screen a civil complaint filed *in forma pauperis* by any litigant. 28 U.S.C. § 1915(e)(2). Following this review, the court must dismiss a complaint, or any portion of it, that presents claims that are frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

All relevant events in the present action occurred during plaintiff's incarceration in the Chase County Jail. On or about June 1, 2011, plaintiff slipped and fell. He told staff he needed to go to the hospital or to return to the Wyandotte

---

[1] Plaintiff is advised that he remains obligated to pay the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

County Jail.  However, he was placed on bedrest and meals were brought to him.

On June 4, 2011, plaintiff attempted to get out of bed, unassisted, in the early morning.  He slipped and required staff assistance to be put back in bed.  A nurse checked on him mid-morning and brought an adult diaper, which was seen by other inmates.  Two other inmates carried plaintiff to segregation.

Plaintiff complains the jail staff failed to follow rules and regulations, exposed him to humiliation and emotional suffering caused by the ridicule of other inmates due to the diaper, and that he suffered inhumane treatment due to the transfer to segregation by other inmates.  The court construes the complaint to allege a violation of his rights under the Eighth Amendment's ban on cruel and unusual punishment.

First, to state an Eighth Amendment claim for failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  This standard includes both an objective component, showing that the pain or deprivation be sufficiently serious, and a subjective component, showing that the government offi-cials acted with a sufficiently culpable state of mind.  *Wilson v. Seiter,* 501 U.S. 294, 298-99 (1991).

3

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Garrett v. Stratman,* 254 F.3d 946, 949 (10th Cir.2001)(quotation omitted). The court assumes for purposes of screening the complaint that plaintiff's condition satisfies this component.

The subjective component is met "if an officer knows of and disregards an excessive risk to a detainee's health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1315 (10th Cir. 2002)(citations and punctuation omitted). Here, it is apparent that plaintiff was given medical attention and that jail officers provided meals to him in his cell. He was seen by a nurse, and he was transferred to a segregated housing area after he fell the second time.[2] While plaintiff expressed a preference for a transfer to a hospital or a return to the Wyandotte County Jail, his disagreement with the medical attention offered does not give rise to a

---

[2] It is unclear precisely when plaintiff was returned to the Wyandotte County Jail; however, he executed the complaint there on August 18, 2011.

cognizable claim for relief.  *See Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").

Likewise, to the extent plaintiff complains of his transfer to segregation by other inmates, the complaint does not suggest either a deliberate indifference to plaintiff's medical needs or a culpable state of mind by any governmental officer.

Finally, to the extent that plaintiff seeks compensatory damages for emotional suffering caused by the responding nurse's production of the diaper in view of the other prisoners, he fails to state a claim for relief.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, bars a prisoner from bringing a claim "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  *See* 42 U.S.C. § 1997e(a) and (e). "[A]lthough claims for mental and emotional distress can be brought pursuant to § 1983, ...  1997e(e) provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'"  *Turner v. Schultz,* 130 F.Supp.2d 1216, 1222-23 (D.Colo. 2001)(quoting *Perkins v. Kansas Department of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999)).

Plaintiff's claim of emotional suffering as a result of the

5

ridicule he suffered from other inmates because of the diaper does not rest on an allegation of physical injury caused by a government officer, and therefore, it fails to state a claim upon which relief may be granted.

For these reasons, the court is considering the summary dismissal of this action. Plaintiff will be granted an opportunity to show cause why this dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 3) are provisionally granted.

IT IS FURTHER ORDERED plaintiff is granted to and including October 14, 2011, to show cause why this matter should not be summarily dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this action without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 14th day of September, 2011.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge