IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM LYNNDON SIKORSKI,**

        Plaintiff,

  vs.                        CIVIL ACTION
                                No. 11-3152-SAC

**FNU LNU, Administrator,
Chase County Jail, et al.,**

        Defendants.

### MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By its Memorandum and Order of September 14, 2011, the court directed plaintiff to show cause on or before why this matter should not be summarily dismissed and advised him that the failure to file a timely response might result in the dismissal of this matter.

On September 15, 2011, the clerk of the court docketed correspondence from plaintiff notarized on August 22, 2011 (Doc. 5). This correspondence is addressed to the Kansas Bar Association and concerns plaintiff's dissatisfaction with his criminal defense attorney, and it does not appear to be related to the present action. Plaintiff has filed no response to the order to show cause.

A federal court has the inherent power to act sua sponte to dismiss an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action for failure to prosecute or to comply with procedural rules or orders of the court. While the text of Rule 41(b) contemplates such dismissal upon the motion of a defendant, the Rule has been interpreted to allow the sua sponte dismissal of an action. *Link, id.; Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007). *See also Theede v. U.S. Department of Labor*, 172 F.3d 1262 (10th Cir. 1999)(affirming dismissal where pro se plaintiff's failure to object to magistrate judge's recommendation of dismissal was due to plaintiff's failure to inform the court of his correct address).

The court finds plaintiff has been given notice of the court's intention to dismiss this matter in the absence of a response from him and concludes this matter should be dismissed for the reasons set forth in its order of September 14, 2011.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of prosecution and for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of October, 2011.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            United States Senior District Judge